## CONSTRUCTION OF A CONTRACT OF LIFE INSURANCE.

Court of Common Pleas of Hamilton County.

WILLIAM LUCKING, AN INFANT, BY EMMA LUCKING, HIS GUARDIAN AND NEXT FRIEND, ET AL V. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY.*

Decided, May, 1917.

*Life Insurance—Words Found in the Contract Constituting the Policy Must be Given Their Ordinary Meaning—"Children" Can Not be Construed to Mean "Grandchildren."*

Where a policy of life insurance gives the proceeds to the wife of the insured and after her death to their children, the word "children" can not be construed to include "grandchildren" where the death of the beneficiary precedes that of the insured.

---

*Affirmed, *Lucking et al* v. *Life Insurance Co.*, 29 O.C.A., 161.

*Matthews & Klein, John A. Scanlon, Chas. M. Leslie* and *Clarence M. Smith,* for plaintiffs.

*Vorys, Sater, Seymour & Pease, Wilbur E. Benoy, A. C. Gallagher, John K. Kennedy* and *Clarence M. Smith,* contra.

CALDWELL, J.

On the demurrer to the petition.

I am of the opinion· that the demurrer to the petition should be sustained both on principle and authority.

On principle, because to sustain the contentions of the claimants would be doing violence to the express language of the contract itself.

This contract is to be construed as should any other contract, in accordance with the well settled rules of construction, that words are to be given that meaning and sense which ordinarily attaches to them, and should not be given any amplified or enlarged construction in order to produce a desired result, which without amplification could not be accomplished.

This contract gives the proceeds of the insurance to the wife, and after her death to their children. What principle or rule of construction, therefore, would justify the court in saying the word "children" meant "grandchildren"? It is not a will, or the occasion for the construction of some such word as 'issue" or "heirs," wherein it is a matter of uncertainty as to how comprehensively the user of the term intended it should be applied.

The contract uses the word "children," and I know of no rule of construction of an ordinary written contract, in which is used a word whose meaning is as clear and common as is the word "children," which should require the court to now say it means "grandchildren."

The demurrer should also be sustained on authority. I can see no element in the principle governing the case at bar differentiating it from the principle laid down in *Ryan* v. *Rothweiler,* 50 O. S., 595. Much as may be the weight of authority against this principle by reason of the adjudications outside of this

state, and as lead by the Connecticut case of *Insurance Company* v. *Palmer*, 42 Ct., 60, our Supreme Court had this situation before it when announcing its opinion in the Ryan case. It seems to have been unable to have been induced to follow it, and lays down the principle that as between the insured and the descendants or heirs of the named beneficiaries, the proceeds of the policy belong to the estate of the insured.

In the case at bar, under the ruling of the Supreme Court, the surviving child Leo, in the event of the death of the insured, after the death of the mother, was clearly entitled to the proceeds of the policy. His claim having been satisfied by the company, the heirs of his brothers and sisters, or their personal representatives, have no standing in court.

The unreported cases of *Frank* v. *Bauman*, 42 O. S., 621, and *Dogle* v. *Dogle*, 69 O. S., 576, in so far as can be ascertained from the records and briefs, as shown by counsel for defendant here in his brief, seems also to indicate a desire on the part of our Supreme Court to adhere to the principle in the Ryan case, and an unwillingness to depart from the same.

I am not unmindful of the ruling of our court of appeals in the Twachtman case, but as the principle involved here was not there before the court for determination, I can see no demand for following its *obiter* or overruling the Supreme Court, which would be the effect, as far as I see it, if this demurrer were now overruled. I am of the opinion, therefore, it should be sustained.